UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ESAU HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*,<br><br>Respondents. | No. 1:25-cv-01676-KES-CDB (HC)<br><br>ORDER REQUIRING RESPONDENTS TO FILE A RESPONSE<br><br>ORDER SETTING BRIEFING SCHEDULE<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS<br><br>**14-DAY DEADLINE** |

Petitioner Samuel Esau Hernandez ("Petitioner"), a federal detainee, proceeds pro se with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). On November 28, 2025, Petitioner filed the instant petition while in custody of Immigration and Customs Enforcement ("ICE") at the Mesa Verde Detention Facility, located in Bakersfield, California. *Id.* Petitioner is currently in the custody of ICE at the Mesa Verde Detention Facility. *Id.* ¶ 1.

**Preliminary Screening**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Petitioner alleges that his detention by Respondents for more

than two months and 18 days without being afforded a bond hearing violates Petitioner's constitutional and statutory rights. (Doc. 1 ¶¶ 2-3).

The Court preliminarily concludes that Petitioner's petition may be cognizable under 28 U.S.C. § 2241. In addition, because Petitioner was incarcerated at Mesa Verde Detention Facility at the time of filing, and that facility lies within the Eastern District of California, this Court has jurisdiction to proceed to the merits of the petition. *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) ("Federal courts have authority to grant writs of habeas corpus 'within their respective jurisdictions.'") (citing 28 U.S.C. § 2241); *see, e.g.*, *Doe v. Garland*, 109 F.4th 1188, 1197-99 (9th Cir. 2024) (holding that the Eastern District of California exercises jurisdiction over core habeas corpus petitions filed by petitioners confined at a facility within this district).

**Conclusion and Order**

This Court has conducted a preliminary review of the petition. It is not clear from the face of the petition whether Petitioner is entitled to relief. Accordingly, pursuant to Habeas Rule 4, the Court HEREBY ORDERS:

1. Respondents SHALL FILE a response addressing the merits or seeking dismissal of the Petition within **45 days** of the date of service of this order. Respondents shall include with the response any and all transcripts or other documents relevant to the resolution of the issues presented in the petition. Habeas Rule 5.

2. Respondents SHALL FILE a Notice of Appearance within **14 days** of the date of service of this Order.

3. Petitioner's TRAVERSE to any Answer or OPPOSITION to any Motion to Dismiss filed by Respondent is due on or before **30 days** from the date Respondents' filing.

4. The Clerk of Court is DIRECTED to send an electronic copy of this Order and a copy of the Petition and all exhibits to the Office of the United States Attorney for the Eastern District of California, an agent for the appropriate correctional institution, if applicable, and to mail a copy of this order to Petitioner.

///

///

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(g). All provisions of Local Rule 110 are applicable to this Order.

IT IS SO ORDERED.

Dated: __**December 2, 2025**__     _____
UNITED STATES MAGISTRATE JUDGE